**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

January 27, 2022

LETTER TO COUNSEL:

      RE:   *Raymond C. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
           Civil No. TJS-20-3261

Dear Counsel:

      On November 10, 2020, Plaintiff Raymond C. petitioned this Court to review the Social Security Administration's final decision to deny his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 15 & 18. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

      Raymond C. filed his applications for disability benefits on June 26, 2017. Tr. 21. He alleged a disability onset date of January 1, 2016. *Id.* His applications were denied initially and upon reconsideration. *Id.* Raymond C. requested an administrative hearing and a hearing was held on November 20, 2019, before an Administrative Law Judge ("ALJ"). *See id.* In a written decision dated December 5, 2019, the ALJ found that Raymond C. was not disabled under the Social Security Act. Tr. 21-32. The Appeals Council denied Raymond P.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

      The ALJ evaluated Raymond C.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R.§§ 404.1520, 416.920. At step one, the ALJ found that Raymond C. has not engaged in substantial gainful activity since January 1, 2016, the alleged onset date. Tr. 23. At step two, the ALJ found that Raymond C. suffers from the following severe impairments: generalized osteoarthritis, degenerative joint disease of bilateral shoulders, degenerative disc disease of the lumbar spine, bilateral carpal tunnel syndrome, status-post right hip replacement, obesity, borderline intellectual functioning, depressive disorder, and anxiety disorder. Tr. 24 At step three, the ALJ found Raymond C.'s impairments, separately and in

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On November 30, 2021, it was reassigned to me.

combination, do not meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 24. The ALJ determined that Raymond C. retains the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can never climb ladders, ropes, or scaffolds. He can have no exposure to hazards or uneven surfaces. He can occasional[ly] operate hand controls. He can understand, remember, and carry out simple instructions and can perform simple, routine tasks.

Tr. 26.

At step four, the ALJ determined that Raymond C. is unable to perform past relevant work. Tr. 30. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Raymond C. can perform, including laundry folder, mail clerk, and cafeteria attendant. Tr. 31. Accordingly, the ALJ found that Raymond C. was not disabled under the Social Security Act. Tr. 31-32.

Raymond C. argues that the ALJ made the following errors that warrant remand: (1) the ALJ did not properly consider the opinion of a State agency physician regarding the claimant's ability to perform detailed tasks; (2) the ALJ did not explain how she concluded that the claimant could perform light work; and (3) the ALJ did not account for the claimant's need to use a cane or his carpal tunnel syndrome in the RFC determination. None of these arguments have merit.

Raymond C.'s first argument is that the ALJ did not properly evaluate evidence from Dr. Bert Spetzler, a consulting State agency physician. ECF No. 15-1 at 5-7. Dr. Spetzler stated that "[d]ue to the claimant's borderline functioning and decreased memory, he would have difficulty concentrating on detailed tasks, but would be capable of simple routine tasks in a competitive work environment." Tr. 100. Dr. Spetzler also noted that Raymond C. has understanding and memory limitations, and is moderately limited in the ability to understand, remember, and carry out detailed instructions. Tr. 105. He pointed to the claimant's difficulty with memory on exam, and opined that the claimant "would be able to recall simple instructions but would have trouble with more detailed tasks." Tr. 105. Ultimately, however, Dr. Spetzler noted that the claimant "would be able to perform competitive work doing [simple, routine tasks]." Tr. 106.

The ALJ discussed Dr. Spetzler's opinion on Raymond C.'s mental limitations in the decision. Tr. 29. The ALJ wrote that Dr. Spetzler's assessment was "overall persuasive," but that the record evidence did not support the level of concentration limitations that Dr. Spetzler assessed. For instance, the ALJ noted, the record does not contain evidence of formal mental health treatment, and the claimant was observed to be alert and attentive during a consultative examination. *Id.* The ALJ also cited the psychological report of Clifford Essman, Ph. D., who assessed adequate capacity for sustained concentration and perseverance. Tr. 29, 412. The ALJ noted that this opinion was consistent with Raymond C.'s "complaints of difficulties with reading and memory, and his work history . . . and lack of any mental health treatment in the record." Tr.

28. The Court finds that the ALJ adequately explained how she considered Dr. Spetzler's opinion and why she did not fully adopt Dr. Spetzler's suggested limitations. The ALJ noted that the opinion was not completely supported by the evidence of record and pointed to evidence that was in conflict with the opinion. And the ALJ largely incorporated Dr. Spetzler's opinion in the RFC determination, including the opinion that the claimant could only perform work comprised of simple, routine tasks. The Court rejects the claimant's argument that the ALJ's consideration of Dr. Spetzler's opinion was improper.

In a related argument, Raymond C. argues that the ALJ erred by limiting him to work consisting only of simple, routine tasks, yet finding that he was capable of performing of jobs that require a reasoning level of 2 or 3. ECF No. 15-1 at 6-7. But as the Acting Commissioner notes, ECF No. 18-1 at 6-7, the ALJ found that Raymond C. could perform the jobs of laundry folder and cafeteria attendant, both of which only require a reasoning level of 2. *See* DOT 369.687-018, 1991 WL 673072 (laundry folder); DOT 311.677-010, 1991 WL 672694 (cafeteria attendant). Even if the ALJ erred by finding that Raymond C. could perform the job of mail clerk, which requires a reasoning level of 3, the ALJ's finding that Raymond C. could perform jobs that only require a reasoning level of 2, and which are consistent with Raymond C.'s RFC, renders the error harmless.

Next, Raymond C. argues that the ALJ failed to perform the required function-by-function assessment of his work-related abilities. ECF No. 15-1 at 7-11. Every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by a narrative discussion describing the evidence that supports it. *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). An ALJ must consider all of a claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019), *as amended* (Feb. 22, 2019) (internal quotation marks and citation omitted). In doing so, the ALJ must provide "a narrative discussion describing how the evidence supports each conclusion . . . ." SSR 96-8P, 1996 WL 374184 at *7 (July 2, 1996). Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding as to the claimant's RFC. *Id.*; *Thomas*, 916 F.3d at 311 ("Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion."). An ALJ need not mention every piece of evidence, so long as he builds a logical bridge from the evidence to his conclusion. *Reid v. Comm'r of Social Sec.*, 769 F.3d 861, 865 (4th Cir. 2014).

Raymond C. specifically objects to the ALJ's consideration of his need to use a cane and the functional limitations that result from his right hip impairment. ECF No. 15-1 at 9-10. But the ALJ fairly and properly considered Raymond C.'s right hip impairment, his occasional need to use a cane, and the functional limitations that relate to his problems with his hip and with walking. First, the ALJ summarized the evidence related to Raymond C.'s right hip and right leg problems. Tr. 27. The ALJ noted that Raymond C. had a right hip replacement in 2012, that he continued to report pain in the months following the procedure, that his providers noted "only a mild limp with good hip strength, flexion, and abduction," and that treatment notes lay out a history of treatment for "right leg limp affecting gait" and limited active range of motion. *Id.* The ALJ also cited evidence from treatment notes in early 2018 that indicate "no abnormalities in the extremities, normal musculoskeletal symmetry, tone, strength, and range of motion." *Id.* The ALJ noted that by late 2018, evidence from treatment notes indicates that the claimant had complained of worsening right hip pain, and that his provider observed limited range of motion and motor strength

in the right hip. *Id.* Finally, the ALJ cited evidence from early 2019 "that the claimant was ambulatory with an antalgic gait and a single point cane," that testing indicated "mild degenerative changes within the lower lumbar spine without canal stenosis or lumbar nerve root compression," that the claimant was directed to see a rehabilitation specialist for consideration of selective nerve root injections, and that there is no evidence that the claimant sought such treatment. *Id.* Weighing the evidence, the ALJ concluded that the claimant walks with "an occasional antalgic gait with a mild limp with use of a cane." *Id.* Considering this, the ALJ concluded that "restrictions from workplace hazards and uneven surfaces is warranted." Tr. 28.

The ALJ adequately explained how she determined Raymond C.'s RFC, particularly with regard to his occasional limp and occasional need to use a cane. The claimant disagrees with the ALJ's interpretation and suggests that the ALJ should have given greater weight to the evidence that indicates Raymond C.'s right hip and leg problems might require a restriction to sedentary work, but it is not this Court's role to reweigh the evidence. It is apparent from the ALJ's detailed decision that the ALJ considered Raymond C.'s right hip and leg problems, found that a restriction to accommodate for his occasional limp and use of a cane was warranted, and incorporated this restriction into the RFC in the form of a limitation to work without workplace hazards and uneven surfaces (in addition to the overall limitation to light work). The ALJ's decision in this respect complies with governing law and is supported by substantial evidence.[2]

Raymond C.'s final argument is that the ALJ failed to properly address his bilateral carpal tunnel syndrome. ECF No. 15-1 at 11. In her decision, the ALJ found that Raymond C.'s bilateral carpal tunnel syndrome is a severe impairment. Tr. 24. The ALJ summarized the evidence of record related to the claimant's mild to moderate carpal tunnel syndrome, including the x-ray results from 2017, the claimant's complaints of pain and numbness in early 2018, the report of an examination in late 2018 that included a finding of "limited grip strength due to pain and positive Tinel's and Phalen's signs at the bilateral wrists," and a nerve conduction study that showed "mild to moderate sensorimotor median mono-neuropathy at the right wrist, and mild sensory median mono-neuropathy at the left wrist, each consistent with carpal tunnel syndrome." Tr. 27-28. The ALJ also summarized the results of Raymond C.'s October 2018 rheumatology consultation, which indicated "full range of motion, scattered musculoskeletal tenderpoints, mild tenderness to palpitation in the MCP joints, and a positive Tinel's sign bilaterally but with right worse than the left." Tr. 28. Finally, the ALJ cited the report of a State agency medical consultant that the claimant was limited to a light range of work with additional limitations, but concluded that the claimant's carpal tunnel syndrome warranted "limitations in use of the hands in order to operate hand controls specifically." Tr. 29. Considering this evidence, the ALJ found that "the record supports mild pain and tenderness in the bilateral hands, mild to moderate carpal tunnel syndrome, worse in the right wrist, and mild degeneration of the bilateral shoulders, which together supports limitations in the use of hand[] controls due to weakness, loss of sensation, and pain." Tr. 28. The ALJ incorporated

---

[2] In a separate but related argument, Raymond C. argues that the ALJ should have specifically included a limitation in the RFC determination and in the hypothetical to the VE that he requires the occasional use of a cane. For the reasons explained above, the Court finds that the ALJ's RFC determination and hypothetical to the VE adequately account for Raymond C.'s limitations, including his occasional limp and use of a cane. The Court rejects Raymond C.'s argument to the contrary.

these impairments into an RFC limitation to light work that does not include more than occasional operation of hand controls. Tr. 26. Raymond C.'s argument that the ALJ should have also placed limitations on the claimant's abilities to handle, finger, or feel. The Court is satisfied with the ALJ's explanation of the limitations warranted by the claimant's carpal tunnel syndrome. The claimant's arguments that the ALJ should have included additional limitations amounts to a request that the Court reweigh the evidence of record and reach its own conclusions about Raymond C.'s RFC. Because the ALJ properly analyzed the claimant's impairments and explained how she reached the RFC determination, and because the RFC determination is supported by substantial evidence, the Court rejects this argument.

For the reasons set forth herein, Raymond C.'s Motion for Summary Judgment (ECF No. 15) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 18) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Timothy J. Sullivan
United States Magistrate Judge